UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

LAVON DONTE DIGGS,
        *Defendant-Appellant.*

No. 03-4462

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca Beach Smith, District Judge.
(CR-02-224)

Submitted: October 9, 2003

Decided: October 21, 2003

Before LUTTIG, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Jennifer T. Stanton, J.T. STANTON, P.C., Norfolk, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Brian Lee Whisler, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Lavon Donte Diggs appeals his conviction following a conditional guilty plea to one count of possession with intent to distribute drugs in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and one count of possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A). Diggs preserved the right to appeal the denial of his motion to suppress evidence obtained incident to his arrest. Finding no error, we affirm the denial of Diggs's motion to suppress.

This court reviews the factual findings underlying the denial of a motion to suppress for clear error, while reviewing the legal determinations de novo. *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). In reviewing the record, "great deference" is accorded to the district court judge's ability to assess witness demeanor and credibility. *See Howard v. Moore*, 131 F.3d 399, 407 (4th Cir. 1997) (en banc).

Diggs argues the evidence adduced at the suppression hearing did not support the stop of his vehicle. The district court, in denying the motion, relied strictly on its assessment of the credibility of the witnesses in determining that: (1) there was reason to believe that Diggs committed a simple traffic violation by stopping his car in the middle of a roadway and impeding traffic; and (2) there was reasonable suspicion to believe that a drug crime was in progress. Thus, we find Diggs has not shown the district court clearly erred in denying his motion.

Accordingly, we affirm Diggs's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*